UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Docket No. 2:23-CR-34 |
| | ) | |
| OTMANE KHALLADI, | ) | **Filed Under Seal** |
| Defendant. | ) | |

### GOVERNMENT'S *EX PARTE* MOTION FOR ARREST WARRANT, REVOCATION OF DEFENDANT'S PRE-TRIAL RELEASE, AND EXCLUSION OF TIME UNDER THE SPEEDY TRIAL ACT

The United States moves pursuant to 18 U.S.C. § 3148 for revocation of defendant Otmane Khalladi's pre-trial release and asks the Court to issue a warrant for Khalladi's arrest. On November 25, 2024, United States Probation Officer Melinda Perez authored a Violation Report detailing Khalladi's non-compliance with conditions of release. The Violation Report indicates that Khalladi has (1) failed to report a change of residence, (2) failed to maintain contact with his attorney, (3) failed to submit to supervision by and report for supervision to the United States Probation Office for the Southern District of Florida, and (4) failed to abide by similar conditions of release imposed in the Northern District of New York.

### PROCEDURAL HISTORY

On October 19, 2022, a criminal complaint filed in the Northern District of New York charged Khalladi with international money laundering, in violation of 18 U.S.C. § 1956(a)(2)(B)(i), and international money laundering conspiracy, in violation of 18 U.S.C. § 1956(h). See United States v. Khalladi, 24-CR-0014, Doc. 1 (N.D.N.Y). The charges related to conduct in April of 2019. Khalladi made his initial appearance on December 13, 2022, and was ordered released on conditions. Id., Doc. 12.

On April 6, 2023, a federal grand jury sitting in Burlington, Vermont, returned a two-count indictment charging Khalladi with wire fraud conspiracy, in violation of 18 U.S.C. §§ 1343, 1349,

and money laundering conspiracy, in violation of 18 U.S.C. §§ 1956(h), 1956(a)(1)(A)(i). An arrest warrant was issued in conjunction with the indictment. In short, Khalladi is alleged to have participated in a conspiracy involving a "grandparent scam" and is further alleged to have participated in a conspiracy to launder the proceeds of that the scheme. Khalladi was arrested in the Southern District of Florida and ultimately appeared in the District of Vermont on June 5, 2023. He was ordered released on a $100,000 bond and conditions (Doc. 12), including the following, which Khalladi has now violated:

> (3) The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.
>
> (7)(a) The defendant must submit to supervision by and report for supervision to: U.S. Probation Office – Southern District of Florida
>
> (7)(f) The defendant must...[m]aintain a residence as approved by pretrial services.
>
> (7)(t) The defendant must maintain contact with attorney.
>
> (7)(bb) The defendant must abide by all conditions imposed in the Northern District of New York

The government has developed evidence that Khalladi violated the conditions of release imposed in the Northern District of New York by participating in the conspiracy that is the subject of the District of Vermont indictment after he was released on conditions in the Northern District of New York. Moreover, Khalladi was scheduled to appear in the District of Vermont on November 18, 2024, for what the parties anticipated would be a change of plea, however, the hearing was postponed at the request of the government in light of new information received by the government. According to the Violation Report, Khalladi has not been in contact with his attorney or the United States Probation Office subsequent to that date. As a result, the government has concerns that Khalladi has fled or is preparing to fleeing prior to the resolution of his cases.

ANALYSIS

The information presented in the attached Violation Report establishes clear and convincing evidence that Khalladi has violated his conditions of release. Specifically, he has (1) failed to report a change of residence, (2) failed to maintain contact with his attorney, (3) failed to submit to supervision by and report for supervision to the United States Probation Office for the Southern District of Florida, and (4) failed to abide by similar conditions of release imposed in the Northern District of New York. See 18 U.S.C. § 3148(b)(1)(B). Khalladi's conduct demonstrates that he is unlikely to abide by any conditions of release. See 18 U.S.C. § 3148(b)(2)(B). Moreover, Khalladi's conduct further demonstrates that there is no condition or combination of conditions of release that will assure that he will not flee. See 18 U.S.C. § 3148(b)(2)(A).

SPEEDY TRIAL

The facts set forth in the Violation Report demonstrate that Khalladi is absent and/or unavailable for purposes of the Speedy Trial Act. See 18 U.S.C. § 3161(h)(3)(A) (excluding time under the Speedy Trial Act during "[a]ny period of delay resulting from the absence or unavailability of the defendant."). Accordingly, to the extent the speedy trial clock is not already tolled by prior order of the Court, the government moves to exclude the time from the date of the instant motion until Khalladi is arrested pursuant to the warrant sought by this motion.

CONCLUSION

For the reasons set forth above, the Court should issue a warrant for Khalladi's arrest, should order that he be detained pending trial, and should exclude time for purposes of the Speedy Trial Act as outlined above.

4

Dated at Burlington, in the District of Vermont, on November 25, 2024.

                Respectfully submitted,

                UNITED STATES OF AMERICA

                NIKOLAS P. KEREST
                United States Attorney

By: */s/ Nathanael T. Burris*
     NATHANAEL T. BURRIS
     PAUL J. VAN DE GRAAF
     Assistant U.S. Attorneys
     P.O. Box 570
     Burlington, VT  05401
     Phone: (802) 951-6725